**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Shui-Yee Shirley CHEN,**
**Defendant-Appellant.**

No. 78-2873.

United States Court of Appeals,
Ninth Circuit.

July 20, 1979.

---

**434**

Vincent H. D. Abbey, Abbey, Strand & Fox, Seattle, Wash., for defendant-appellant.

Marie G. Creson, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before SNEED and ANDERSON, Circuit Judges, and D. WILLIAMS,* District Judge.

The Honorable David W. Williams, United States District Judge for the Central District of California, sitting by designation.

PER CURIAM.

The sole issue on appeal is whether defendant willfully violated the currency reporting requirement of 31 U.S.C. § 1101. Section 1101 mandates that anyone who knowingly transports more than $5,000 into the United States must file a report.[1] Section 1058, 31 U.S.C., imposes criminal penalties for willfully failing to file a report. Thus, for criminal culpability there must be: (1) knowing transportation of the money into this country, and (2) a willful failure to file a report.

On board her flight from Hong Kong to Seattle, defendant partially completed Customs Declaration Form 6059–B. She asked for assistance from a cabin attendant, but the flight landed before the attendant could return. After the plane landed, defendant completed Form 6059–B, answering "No" to Item 10, which asks: "Are you or anyone in your party carrying over $5,000.00 in coin, currency, or monetary instruments?"

While her luggage was being examined, a Customs Inspector asked the defendant how much currency she was carrying. The defendant replied that she had approximately $14,000. Inasmuch as the defendant was accompanied by her two children, a report was not required unless her total currency exceeded $15,000. The Customs Inspector found several packets of money in defendant's tote bag.

Defendant was then removed to a secondary inspection area where the money was counted. The total exceeded $22,000. Form 4790, which is the form that must be filled out to comply with Section 1101, was then completed. A Special Agent then entered the room and ordered that the completed Form 4790 be destroyed and that the money be confiscated.

Defendant was subsequently charged with violating Sections 1101 and 1058. A

1. The report is merely informational. If the report is filed, apparently there are no restrictions or taxes imposed on the money. *See United States v. San Juan,* 545 F.2d 314 (CA2 1976).

magistrate found defendant guilty, and his findings were affirmed by the district court.

■ Before discussing the issue argued by the parties, we wish to make clear that the intentional destruction of Form 4790 was unjustified and inexcusable. The form was obviously material evidence; its possible exculpatory value surely must have been foreseen by this experienced, well-traveled federal agent. Yet at trial the Special Agent could offer no reason why the form needed to be destroyed. The Agent could only lamely explain that in his judgment: "It had no value; the violation already had been detected . . .." We remind the Agent that it is for the courts to determine whether evidence has any value and when a violation has occurred.[2] We would seriously consider reversing defendant's conviction on this ground alone if the conviction were otherwise free from reversible error.

■ There was sufficient evidence to establish that defendant knew she was carrying more than $15,000, but the evidence that defendant knew she must file a report was woefully insufficient. Form 6509–B did not inform the defendant that Form 4790 must be completed if the answer to Item 10 were "Yes,"[3] nor did the Customs Inspector so inform the defendant. In a case presenting facts materially identical to the facts here, the Fifth Circuit held that the evidence was insufficient as a matter of law:

> "The second reason this case requires reversal is that we feel as a matter of law that it is impossible to prove beyond a reasonable doubt that the defendant acted with knowledge of the reporting re-

quirements. The failure of the government to make known the requirements of the statute is fatal to their case. The isolated act of bringing money in excess of $5,000 into the country is not illegal or even immoral. What is required is merely a filing of the proper form. Proof of the requisite knowledge and willfulness, therefore, is almost impossible unless affirmative steps are taken by the government to make the laws' requirements known. The government argues that the defendant was made aware of the reporting requirement by the question on the customs declaration form asking whether the defendant was carrying more than $5,000. We do not agree. The effect, if any, of this question is merely to cause the traveler to think that it is illegal to carry a large amount of money into the country. The question in no way tells the traveler it is perfectly legal to enter or leave the country with more than $5,000 but that a form reporting this fact must be completed. Nor does the untruthful answer of the question by the defendant prove beyond a reasonable doubt that she knew she was supposed to fill out a form. An untruthful answer could very easily be prompted by the question on the form which might cause the traveler who enters the country with more than $5,000 to think that his or her possession is by itself illegal, and who therefore answers untruthfully in order to attempt to avoid being caught breaking the law. We do not accept the government's contention that the defendant's falsification of her declaration forms proves that she was aware of the separate reporting requirement."

**2.** Because we find the evidence insufficient as a matter of law, we do not decide whether completion of the form was a timely compliance with Section 1101.

**3.** The form has now been changed to alert the traveler of the need to complete Form 4790. In *United States v. Rodriguez,* 592 F.2d 553 (CA9 1979), Form 6509–B had already been modified. The court affirmed, stating that:

> "The modified form signed by Rodriguez satisfied the government's burden of proving

notification of the reporting requirement and Rodriguez's knowing and willful violation." *Id.* at 557.

The panel held that *Schnaiderman* and *Granda* were "distinguishable because of [the] critical difference in the customs form used." *Id.* In the instant case, the "critical difference" is absent. Insofar as *Rodriguez* recognizes that the government must prove the defendant knew of the reporting requirement, it supports our holding.

*United States v. Granda,* 565 F.2d 922, 926 (CA5 1978). *Accord, United States v. Schnaiderman,* 568 F.2d 1208 (CA5 1978); see *Ivers v. United States,* 581 F.2d 1362, 1366 (CA9 1978).

The government has neither distinguished the facts nor refuted the reasoning of *Granda* and *Schnaiderman.* The government's brief to this court fails to perceive the difference between knowing transportation and a willful failure to report or the difference between the erroneous belief that only $5,000 may be brought in and the specific intent required to establish a Section 1058 violation. The evidence that defendant knew of the reporting requirement is speculative. *See United States v. Schnaiderman, supra,* where the court found that: "An acknowledged awareness of 'U.S. currency laws' is too vague and unspecific to satisfy the *Granda* standards." 568 F.2d at 1212.

Accordingly, the conviction is REVERSED, and the case REMANDED for entry of a judgment of acquittal.